UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. J. PAPPENFUS, et. al.,<br><br>　　　　　Defendants. | 1: 05 CV F 0353 AWI DLB P<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED ON COGNIZABLE CLAIMS |

　　　　Plaintiff is a state prisoner proceeding pro per with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is Plaintiff's complaint, filed March 16, 2005.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

1  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
2  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
3  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4      In the instant case, plaintiff brings action against Dr. J. Pappenfus, MTA Rodriguez, Dr.
5  Rees, N. Grannis and RN Sedley.  Plaintiff represents that on July 11, 2003, he was seen by the
6  Orthopedic Physician who recommended that the rod in his left femur be removed.  He alleges that
7  he walks with a limp and was issued a cane; however, defendant Pappenfus took the cane away
8  because he was "observed walking with no malfunction."  Plaintiff alleges that after he filed a
9  Reasonable Modification Request, defendant Rodriguez retaliated against him by kicking him out of
10 his office when Plaintiff was trying to explain that he was in a great deal of pain.

11     Plaintiff alleges that he was referred to a neurologist on February 4, 2004.  He received a
12 Director's Level Response dated August 24, 2004 with an order directing Avenal State Prison to
13 provide documentation of the scheduled date for the appointment with the neurologist.  Plaintiff
14 alleges that defendants Pappenfus, Rodriguez and Rees will not treat plaintiff and will not honor the
15 order to have plaintiff seen by a neurologist.

16     Plaintiff alleges that defendant Grannis improperly stated in the Director's Level Response
17 that plaintiff failed to provide names or specifics as to the alleged acts described in his appeal.
18 Plaintiff contends that he did in fact name defendants Sedley and Rodriguez in his appeal.

19     Plaintiff also states that defendant Sedley's husband is employed at Avenal State Prison as an
20 Associate Warden and therefore there is no other avenue for him to take other than filing a complaint
21 with this Court.

22     **A.**    **Deliberate Indifference to Serious Medical Needs.**

23     A prisoner's claim of inadequate medical care does not constitute cruel and unusual
24 punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
25 needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves
26 an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
27 "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

28

U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  <u>Farmer v. Brennan</u>, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Id.</u>

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), <u>citing</u> <u>Estelle</u>, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle v. Gamble</u>, 429 U.S. at 106; <u>see</u> also <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1050 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff's allegations against Dr. Pappenfus, MTA Rodriguez and Dr. Rees are sufficient to state cognizable claims for relief for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**B.     Inmate Appeals.**

Prisoners have no constitutional right to an inmate grievance system. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns.  <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any

1 substantive right upon the inmates." <u>Buckley</u>, 997 F.2d at 495 (citing <u>Azeez v. DeRobertis</u>, 568 F.
2 Supp. 8, 10 (N.D. Ill. 1982); <u>see</u> also <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it
3 does not give rise to a protected liberty interest requiring the procedural protections envisioned by
4 the Fourteenth Amendment." <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F.
5 Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a
6 constitutional violation. <u>Buckley</u>, 997 F.2d at 495. Thus, a prison official's involvement and actions
7 in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983
8 action. <u>Buckley</u>, 997 F.2d at 495. Consequently, Plaintiff's allegations regarding defendant
9 Grannis' actions in connection with his appeal are not cognizable under section 1983.

**C.     Failure to Link Defendant Sedley to Constitutional Violation.**

Finally, while Plaintiff has named defendant Sedley as a defendant, he has failed to link any conduct on her part with the alleged violation of his constitutional rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes
> to be subjected, any citizen of the United States. . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution. . .
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff states that defendants Sedley's husband is an Associate Warden at Avenal State Prison, but he fails to describe any conduct on her part.  Because Plaintiff has failed to link defendant Sedley to any conduct alleged

to have violated his constitutional rights, he fails to state a cognizable claim against her.

    G.    Conclusion

In summary, Plaintiff has stated cognizable claims for relief against defendants Dr. Pappenfus, MTA Rodriguez and Dr. Rees. However, Plaintiff has failed to state cognizable claims for relief against defendants Grannis and Sedley. The Court will provide Plaintiff with the opportunity to file an amended complaint to attempt to cure the deficiencies in the allegations, if Plaintiff wishes to do so.

If Plaintiff does not wish to file an amended complaint and wishes to proceed against Dr. Pappenfus, MTA Rodriguez and Dr. Rees only, Plaintiff may so notify the Court in writing. The Court will then issue a recommendation to dismiss the remaining defendants and the Court will forward Plaintiff a USM 285 form to fill out and return for service on defendants.

In the event that Plaintiff does wish to amend his complaint, Plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff must either file

an amended complaint curing the deficiencies identified by the Court in this order; or notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Dr. Pappenfus, Rodriguez and Dr. Rees;

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

**Dated:   May 6, 2005**          /s/ Dennis L. Beck
3b142a                   UNITED STATES MAGISTRATE JUDGE