# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. PAPPENFUS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-0353-AWI-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION PROCEED ONLY AGAINST DEFENDANT RODRIGUEZ<br><br>(Doc. 33) |

I.　　Defendants' Motion to Dismiss

　　A.　　Procedural History

Plaintiff is state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, March 16, 2005, against defendants MTA Rodriguez, Dr. Rees and Dr. Pappenfus for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment and for retaliation. On March 30, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Rees and Pappenfus ("defendants") filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. Plaintiff did not file an opposition to the motion.[1]

　　B.　　Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 9, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 25.)

1

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.[2] Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C. Discussion

Plaintiff claims that he has a rod in his left femur and requires use of a cane. Plaintiff also claims that he suffers from neck, back and leg pain resulting from a fall in December 2004. Plaintiff contends that defendants took his cane away and failed to refer him to a neurologist.

---

[2] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Defendants Rees and Pappenfus move to dismiss this action on the ground that plaintiff did not exhaust the claims against them, as mandated by section 1997e(a). In support of their motion, defendants submit the Declaration of T. Emigh, acting Chief of the Inmate Appeals Branch. Mr. Emigh states that as of the filing of plaintiff's complaint, the only medical appeal that had reached the final level of review (Director's Level), was Appeal ASP 04-00029, which was partially granted at the Director's Level on August 24, 2004. Emigh Declaration at ¶¶ 7, 8. This appeal concerned a request that plaintiff receive a referral to a neurologist, to be medically unassigned and restoration of a 30-day loss of credit. *Id.* Defendants argue that this appeal therefore did not exhaust his grievances against defendants Rees and Pappenfus because it does not mention these defendants and there is no mention of deliberate indifference as to Drs. Rees and Pappenfus.

Mr. Emigh states that plaintiff submitted Appeal ASP 04-2701 on April 4, 2005, which dealt with plaintiff's claims that Dr. Pappenfus, MTA Rodriguez and RN Sedley retaliated against him by not following the Director's Level decision directing ASP medical staff to refer him to a neurologist. Emigh Declaration at ¶9. However, this appeal was not exhausted at the Director's Level until May 23, 2005, after the filing of this lawsuit on March 16, 2005. *Id.* Plaintiff submitted Appeal 04-00494 on April 14, 2005, relating to his cane being taken away. Emigh Declaration at ¶10. This appeal was not exhausted until June 10, 2005. *Id.* Neither of these appeals relate to grievances against Dr. Rees. Emigh Declaration at ¶¶ 9, 10.

The Court finds that defendants have met their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he satisfied the exhaustion requirement. Plaintiff filed no opposition or other response to this motion.

Plaintiff has not submitted any evidence demonstrating that he exhausted his claims against defendants Pappenfus and Rees. The only Director's Level decision obtained before this lawsuit was filed related to grievances that predated the claims involved in this lawsuit. Accordingly, defendants' motion to dismiss shall be granted.

D. <u>Conclusion</u>

For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies concerning his claim against defendants Pappenfus and Rees. Accordingly,

1  the Court HEREBY RECOMMENDS that defendants Pappenfus and Rees' unenumerated Rule
2  12(b) motion, filed March 30, 2006, be GRANTED, and this action proceed only against defendant
3  MTA Rodriguez.
4      These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
6  **days** after being served with these Findings and Recommendations, the parties may file written
7  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  The parties are advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
10 1153 (9th Cir. 1991).

12     IT IS SO ORDERED.
13  **Dated:**   **October 27, 2006**                    **/s/ Dennis L. Beck**
    3b142a                                        UNITED STATES MAGISTRATE JUDGE