# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. PAPPENFUS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-0353-AWI-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT RODRIGUEZ' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Doc. 36) |

I.　Defendants' Motion to Dismiss

　　A.　Procedural History

Plaintiff is state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed March 16, 2005, against defendant MTA Rodriguez for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. On February 15, 2007, the Honorable Anthony W. Ishii issued an order adopting the undersigned's recommendation to grant Defendants Rees and Pappenfus' motion to dismiss. On February 15, 2007, the clerk entered judgment in favor of Defendants Rees and Pappenfus.[1] Still pending is Defendant Rodriguez' motion for summary judgment, filed September 22, 2006, to which plaintiff has not responded.

　　B.　Legal Standard

---

[1] The case was erroneously closed after entry of judgment in favor of Defendants Rees and Pappenfus; however, the Clerk thereafter reopened the case.

1

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C.     Undisputed Facts

1. At all times relevant to plaintiff's claims, he was incarcerated within the California Department of Corrections and Rehabilitation (CDCR) and housed at Avenal State Prison.
2. X-ray of plaintiff's left femur taken 7/11/03 showed old healed distal shaft of the femur with internal fixation.
3. X-ray of plaintiff's lumbar spine taken 7/11/03 showed mild change of degenerative disc disease of L5-S1.
4. On July 16, 2003, plaintiff was seen by Dr. Perry for old injury to his left leg. Plaintiff

complained of back pain secondary to leg length difference. Plaintiff had an IM (Intramedullary) rod in the left femur. Assessment was left leg pain. Plaintiff was subscribed a brace.

5. On September 2, 2003, the medical records reflect plaintiff was seen in the medical clinic but left voluntarily before seeing the doctor.

6. On October 6, 2003, plaintiff was seen by Dr. Weed complaining that the leg brace was the wrong size. Plaintiff was referred back to Dr. Perry for evaluation.

7. On November 25, 2003, plaintiff presented to Dr. Rees for chrono update for soft shoes and limited duty. Dr. Rees noted plaintiff had an IM rod in the left femur. Dr. Rees referred plaintiff for a neurology consultation for myleogram and nerve conduction studies to determine etiology of complaints of back and leg pain. Dr. Rees renewed plaintiff's chrono for soft shoes and limited duty. He prescribed Tylenol and Flexeril for pain complaints.

8. The Medical Authorization Review Board must authorize referral to a specialist.

9. On December 7, 2003, plaintiff presented to the clinic reporting pain on and off for 2 years.

10. On December 14, 2003, plaintiff reported that he had a dizzy spell and sustained a laceration to the bridge of his nose. Plaintiff was seen by a medical doctor who noted a 1cm laceration over the bridge of his nose. Plaintiff was prescribed Atenol and told to return or follow up in one week.

11. On December 26, 2003, plaintiff presented to the clinic with complaints of constipation. Plaintiff was given Maalox.

12. On February 4, 2004, plaintiff presented to the clinic with complaints of leg pain. Plaintiff was evaluated by Dr. Pappenfus who recommended a cane and prescribed Tylenol and a 3 day lay in. Dr. Pappenfus also recommended follow-up with a neurologist.

13. On February 4, 2004, MTA Rodriguez noted during the lunch release that plaintiff was ambulating without any noticeable limp or deformity.

14. Plaintiff was seen by Dr. Pappenfus on February 19, 2004 who noted that plaintiff complained of left leg pain and back pain and was requesting Naprosyn. After examining plaintiff, Dr. Pappenfus prescribed Tylenol for pain. Dr. Pappenfus then prepared an

1 | addendum to his February 19, 2004 report in which he states, "observed walking away -
2 | again has no problem with ambulation - impression malingering."
3 | 15. Plaintiff is obese. In November 2003, he weighed 254 lbs.
4 | 16. Dr. Rees opines that plaintiff's back pain could be the result of excess weight, the rod in his
5 | femur or back complaints associated with sciatica.
6 | 17. Plaintiff was referred to a neurologist and orthopedist to determine the etiology of his
7 | complaints. He was prescribed pain medication. Defendants contend plaintiff's treatment
8 | was appropriate and consistent with community standards.
9 | 18. Plaintiff's medical records do not indicate that plaintiff was ever denied or refused treatment
10 | by TA Rodriguez. The medical records indicate that plaintiff was seen for his complaints
11 | on multiple occasions.
12 | 19. Defendants served written discovery on plaintiff requesting that he provide all facts that
13 | support his contention that MTA Rodriguez violated his civil or constitutional rights and that
14 | he sustained injury as a result. Defendants also requested the identification of documents
15 | which support plaintiff's allegations.
16 | 20. Plaintiff failed to respond to the discovery.

D.   <u>Discussion</u>

Plaintiff claims that he has a rod in his left femur and requires use of a cane since suffering a fall in December 2004. Plaintiff also claims he has neck and back complaints and was referred to a neurologist for those complaints. Plaintiff contends MTA Rodriguez was deliberately indifferent to his medical needs.

Defendant argues he is entitled to summary adjudication on Plaintiff's claim against him because there is no evidence that he was deliberately indifferent to plaintiff's medical needs. Defendant argues that plaintiff has failed to present any evidence supporting his claims and as a result, defendants are entitled to summary judgment as a matter of law. Defendant argues that plaintiff was given the appropriate diagnosis and treatment and at no time did he refuse to provide medical treatment to Plaintiff. Defendant relies on the evidence in plaintiff's medical record to argue that plaintiff was seen for his complaints on numerous occasions and was provided treatment. DUF

2-17.

The Court finds that Defendant Rodriguez has met his initial burden of informing the Court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff has failed to file an opposition to the motion to dismiss. Although the allegations in Plaintiff's complaint were sufficient to state a claim for relief under federal notice pleading standards, at this stage in the litigation, Plaintiff must come forth with evidence in support of his claims. Plaintiff has not done so.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official

should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's mere allegations in the complaint that "Defendants were aware of the plaintiff's medical needs " and "Defendants will not treat plaintiff nor have the defendants honored the Director Level Response ordering that the plaintiff be seen by the neurologist " are insufficient at this stage to defeat Defendant's motion.  In his complaint, plaintiff states that he will submit evidence when discovery is ordered by the Court.  However, discovery closed on December 12, 2006 and plaintiff has failed to submit any evidence whatsoever.  Indeed, the Court has reviewed the record supplied by Defendant and finds no evidence supporting Plaintiff's claims that he denied medical treatment or that Defendant Rodriguez  "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.  Accordingly, Defendant Rodriguez is entitled to judgment as a matter of law on Plaintiff's claim against him.

### D. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not met his burden of setting forth admissible evidence raising triable issues of material fact, and Defendant Rodriguez is entitled to judgment as a matter of law on the claims against them.  Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment, filed September 22, 2006, be GRANTED, thus concluding this action in its entirety; and
2. The Clerk of the Court enter judgment for Defendant and against Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1 | IT IS SO ORDERED.

2 | Dated: **April 4, 2008**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE